IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02682-JLK-KLM

SUZANNE PHILIPPUS, individually, and as the Personal Representative of the Estate of TERRY PHILIPPUS, deceased,

Plaintiff,

v.

AETNA HEALTH, INC., a Connecticut insurance company, and
TW TELECOM HOLDINGS, INC., a Colorado corporation,

Defendants.

---

**AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Complaint** [Docket No. 88; Filed October 20, 2009] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation.[1] The Court has reviewed the Motion, Defendants' responses to the Motion [Docket No. 97, 98], Plaintiff's replies in support of the Motion [Docket No. 102, 103], the entire file, and relevant legal authority, and is advised in the premises. For the reasons stated below, I RECOMMEND that the Motion be **DENIED**.

---

[1] A magistrate judge can only issue orders on non-dispositive motions. *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1461, 1462 (10th Cir. 1988). The courts in this district are split on whether motions to amend are dispositive. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished decision) (citing cases). When an order denying a motion to amend removes a defense or claim from the case it may be dispositive. *Cuena v. Univ. of Kansas*, 205 F.Supp.2d 1226, 1228 (D. Kansas 2002). For the purposes of the Motion, I will assume that it is dispositive and requires a recommendation.

# I. Background

This case involves health insurance plan benefits provided to employees of Defendant TW Telecom Holdings, Inc. ("TW"). According to the Complaint, TW's health plan is insured through a policy issued by Defendant Aetna Health, Inc. ("Aetna"). *Complaint* [#1] at 5. Plaintiff began employment with TW in 1998. *Id.* at ¶ 13. Her husband, Terry Philippus, was a beneficiary of the plan and received medical treatment for his cancer condition. *Id.* His claims were covered by Aetna. *Id.*

In January, 2006, Plaintiff was informed that she would be laid off from her employment with TW. *Id.* at ¶ 14. Plaintiff was allegedly offered a severance package from TW which included the right to a continuation of insurance under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). *Id.* COBRA provides continued health care benefits for a minimum of eighteen months after termination from employment. *Id.* Plaintiff allegedly contacted Stephanie Wilson, a Human Resources representative with TW, and asked whether the health benefits available under COBRA extended to her husband. *Id.* at 15. She asserts that she was advised by Ms. Wilson that her benefits would continue with Aetna as her primary insurer. *Id.* Plaintiff claims that TW's health insurance plan provided that COBRA could be terminated if a beneficiary was *covered* under Medicare. *Id.* at ¶16. Plaintiff elected to continue coverage with Aetna with the understanding that she could do so even though her husband was *eligible* for Medicare. *Id.*

Plaintiff alleges that beginning in February 2006, she continued to pay premiums and receive coverage by Aetna for her husband's medical expenses. *Id.* at ¶¶ 17, 18. According to Plaintiff, beginning in October 2006, Aetna denied her husband's medical care

claims on the ground they were not covered by insurance and because Aetna claimed it was not the primary insurer of Mr. Philippus. *Id.* at ¶ 19. Plaintiff asserts she again received assurances from Aetna that it was the primary insurer, but Aetna continued to deny claims made on behalf of Mr. Philippus. *Id.* at ¶ 22. Aetna allegedly informed Plaintiff that it was a secondary insurer because Plaintiff's husband had become eligible for Medicare on March 3, 2006. *Id.* at ¶ 25.

Plaintiff brought three claims of relief against Aetna for alleged violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq. Complaint* [#1] at ¶¶ 30-48. Plaintiff also brings a claim against Aetna and TW based on promissory and equitable estoppel. *Id.* at ¶¶ 49-55. Plaintiff alleges that in persuading her to accept the severance package, TW represented that her family's health benefits would continue under COBRA as they had in the past, including payment of Mr. Philippus's medical expenses. *Id.* at ¶¶ 50, 52. Plaintiff also asserts that TW provided her with a document stating that Aetna would continue to be Plaintiff's primary insurer. *Id.* at ¶ 51. Plaintiff alleges that Aetna informed her that it was her primary insurer, made payments to Plaintiff, and then began denying claims on the ground that it was Plaintiff's secondary insurer. *Id.* at ¶ 56.

Plaintiff has brought a single claim against TW, based on promissory and equitable estoppel. Plaintiff's claims are based on alleged statements made to her by a representative of TW and a document provided to her by TW regarding insurance coverage from Aetna. Earlier in the proceedings of this case, Defendant TW moved to dismiss the estoppel claim on the ground that it was preempted by ERISA. *Motion* [#13]. District Court Judge John L. Kane denied the motion and found that "Plaintiff's allegations are sufficient

to allow her to attempt to develop the factual prerequisites necessary to her equitable claims for relief and to avoid" ERISA preemption. *Minute Order* [#36].[2]

II. Analysis

Plaintiff seeks to add a claim against Aetna and TW based on a waiver theory. She asserts that Defendants waived their right to enforce the plan's Medicare provision because they failed to enforce the provision during her employment with TW and for eight months after her separation from TW. *Proposed First Amended Complaint* [#88-6] at ¶ 62. Plaintiff asserts that Defendants waived their right to decline coverage under the health plan because they knew of her husband's eligibility under Medicare, but still accepted Plaintiff's monthly premiums. *Id.* at ¶ 66. Defendants argue that the Motion should be denied because Plaintiff has not shown good cause for the undue delay in moving to amend the pleadings, that granting the Motion would be prejudicial to Defendants, and that the proposed amendment would be futile. *Response* [#97], [#98].

**A. Good Cause Under Fed. R. Civ. P. 16(b)**

A scheduling order deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The deadline for seeking to amend pleadings in this case was September 15, 2008. [#42]. Plaintiff filed the present motion on October 20, 2008, more than a year later. To demonstrate good cause under Rule 16, Plaintiff must "show that [she] has been diligent in attempting to meet the deadlines, which means [she] must provide an adequate explanation for any delay." *Moothart v. Bell*, 21 F.3d 1499, 1504

[2] Despite this ruling, it appears that the Tenth Circuit has held that a common law estoppel claim is not available under ERISA. *See Miller v. Coastal Corp.* 978 F.2d 622, 624-25 (10th Cir. 1992).

(10th Cir. 1994).

Plaintiff claims that there is good cause for her late filing because she obtained "newly discovered evidence" at a Fed. R. Civ. P. 30(b)(6) deposition of a TW witness held on September 25, 2009. *Motion* [#88] at 2. She asserts that the new information "significantly changes the complexion of this action...." *Id.* According to Plaintiff, the newly discovered evidence (1) clarified which documents and provisions comprise the TW health care plan; (2) identified which plan provisions govern those who are eligible for Medicare; and (3) clarified that at all relevant times Plaintiff was eligible for benefits under the plan. *Id.* at 3.

Defendants assert that Plaintiff's "newly discovered evidence" claim is belied by the course of this litigation. According to Defendants, the "new" information – describing the process for payment of benefits to those eligible for Medicare – is contained in the Summary of Coverage, which was designated as part of the administrative record and, in fact, was identified by Plaintiff in her initial disclosures, and used by Plaintiff in an earlier deposition of an Aetna witness. Plaintiff concedes that she had the relevant documents much earlier in the case, but she was "operating under an *assumption*, not based upon specific knowledge, that the Medicare provision discussed was a part of the Time Warner Benefits plan." *Reply* [#103] at 1-2.

Although unclear, it appears that Plaintiff is admitting that she had the documents she claims are newly discovered since at least June 2008**,** yet she had no "knowledge" of them**.** It appears to the Court that this argument is nonsensical. Plaintiff did not suddenly obtain the information in September 2009. It has been in her possession during most of the litigation of this case. Plaintiff has not offered a valid excuse for her delay in filing a

motion to amend, and thus, she has not shown "good cause" under Rule 16(b).

**B. Standard for Amendment Pursuant to Fed. R. Civ. P. 15.**

Assuming Plaintiff has demonstrated "good cause" for seeking modification of the Scheduling Order under Rule 16(b), she also must meet the standard for amendment under Fed. R. Civ. P. 15. *Texas Instruments, Inc. v. Biax Corp.*, No. 07-cv-02370-WDM-MEH, 2009 WL 31858155, at *2 (D. Colo. Sept. 28, 2009) (unpublished decision); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).[3] Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

**1. Undue Delay**

The Court may deny a motion to amend based on undue delay. *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 (10th Cir. 2006). "The longer the delay, the more likely the

---

[3] The Tenth Circuit has not yet decided whether a party seeking to amend pleadings after the Scheduling Order deadline must show "good cause" under Rule 16 in addition to the Rule 15(a) requirements. *Strope v. Collins*, 315 Fed. Appx. 57, 62 n. 4 (10th Cir. 2009).

motion to amend will be denied" because of the burdens placed on the opposing party and the court. *Id.* The Court may deny leave to amend when the movant "has no adequate explanation for the delay." *Id.* at 1206. Untimeliness alone is sufficient reason to deny leave to amend. *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).

Plaintiff filed her motion to amend over a year after the amendment deadline had passed. As noted above, Plaintiff had the information necessary to seek to amend her Complaint well before the deadline. Plaintiff has not offered a persuasive reason for the delay. Therefore, I conclude that the Motion should be denied based on Plaintiff's undue delay.

**2. Prejudice**

Defendants also argue that allowing Plaintiff to amend her Complaint at this late date in the litigation, would result in undue prejudice to them. Prejudice to the nonmoving party is the most important factor in considering whether amendment should be permitted. *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "As a general rule, the risk of substantial prejudice increases with the passage of time." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1488, at 670.

Defendants argue that Plaintiff's proposed amendment of the Complaint based on a waiver theory would cause them to bear the burden and expense of additional discovery and necessitate the amendment of their pleadings. They also note that the discovery deadline has long since passed. Moreover, Defendants have filed a Motion for Summary Judgment and a Motion for Judgment on the Record. Plaintiff has responded to the

motions. The motions will soon be ripe for decision.

The need for additional discovery does not by itself establish undue prejudice. *SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 2756941, at *7 (D. Colo. Jul. 14, 2008). Prejudice under Rule 15 "'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *HCA-Healthone LLC v. Susan Lou Sparks Trust*, No. 06-01198-MSK-MEH, 2006 WL 3762024, at *1 (D. Colo. Dec. 20, 2006) (quoting *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969). However, a finding of prejudice is not "foreclosed when the new claims arise out of the same subject matter as the previously asserted claims ...." *Texas Instruments, Inc.*, 2009 WL 3158155, at *3.

Plaintiff asserts that no new discovery will be required if the waiver theory is added to the Complaint. In addition, she claims that Defendants were aware "for months" that Plaintiff believed a waiver theory was implicit in the Complaint. *Motion* [#88] at 6. Defendants disagree. They contend that additional discovery will be needed on the waiver theory. Defendants also concede that Plaintiff's counsel has previously asserted a waiver theory, but that the addition of a new *claim* will require discovery and unduly delay the resolution of the case. *Response* [#97] at 8-9.

The Court is not in the position to determine whether any additional discovery will be necessary if the Motion is granted. However, the Court can conclude that the amendment would require Defendants to supplement their pleadings in response to the waiver claim. As noted above, Defendants' dispositive motions have been filed as well as Plaintiff's responses. Under these circumstances, amendment of the pleadings should be denied. *See Fisher v. Okla. Dep't of Corr.,* 213 Fed. Appx. 704, 709-10 (10th Cir. 2007

(unpublished decision) (affirming denial of motion to amend because the "case was ready for disposition on summary judgment on the original claims")*; Walker v. United Parcel Service, Inc.* 240 F.3d 1268, 1278 (10th Cir. 2001) (affirming denial of amendment where summary judgment motion pending)**.** I find that Defendants would be prejudiced if the Court granted the Motion.

**3. Futility**

Defendant Aetna argues that the waiver claim asserted in the Amended Complaint is futile because it is preempted by ERISA. Defendant TW contends that any such claim of waiver does not apply to it because TW was not Plaintiff's insurer.

The Court may deny a proposed amendment as futile. *See Frank*, 3 F.3d at 1365 (citing *Foman*, 371 U.S. at 182). An amendment is futile if it would not survive a motion to dismiss. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether [a] proposed amended [pleading] is likely to survive a motion to dismiss, the court must construe the [pleading] in the light most favorable to [movant], and the allegations in the [pleading] must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Further, "[a]ny ambiguities must be resolved in favor of [plaintiff], giving [her] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [her pleading]." *Id*.

As a basis for her waiver claim, Plaintiff cites *Struble v. American Family Ins. Co.*, 172 P.3d 950 (Colo. App. 2007), which holds that under Colorado law "an insurer may waive its right to void or cancel a policy by accepting premiums from the insured after it learned of the alleged grounds for cancellation of the policy." *Id.* at 956. *Motion* [#88] at 6.

However, *Struble* is not applicable to a proposed claim against TW, because TW is not the insurer in this case; Aetna is. Nowhere in the proposed Amended Complaint or the original Complaint is it alleged that TW is Plaintiff's insurer. Plaintiff cites no legal support for her contention that a waiver claim may be brought against TW. In the absence of such authority, assertion of such a claim against TW would be futile.

Defendant Aetna argues that Plaintiff's proposed waiver claim would be preempted by ERISA. ERISA preempts state laws relating to nearly all private employee benefits plans. *Jewel v. Life Ins. Co. of North America*, 508 F.3d 1303, 1308 (10th Cir. 2007). State law waiver claims are preempted by ERISA. *White v. Provident Life & Accident Ins. Co.*, 114 F.3d 26, 29 (4th Cir. 1997); *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1390-91 (9th Cir. 1995). In her reply in support of the Motion, Plaintiff appears to concede this point. *Reply* [#103] at 2. Instead of relying on state law, she argues that her waiver claim should be evaluated under federal common law. *Id.*

Plaintiff is correct that some circuit courts have recognized a federal common law of waiver in the ERISA context. *See, e.g.*, *Chapman v. ChoiceCare Long Island Term Disability*, 218 F.3d 506, 510 (2d Cir. 2002); *Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 650 (7th Cir. 1993). Other circuit courts have ruled to the contrary. *See*, *e.g. White,* 114 F.3d at 29 (holding that federal common law under ERISA does not incorporate the principle of waiver). The Tenth Circuit has not addressed this issue.

Given the status of the law on the applicability of the federal common law of waiver in an ERISA case, it is not clear at this stage of the proceedings that the Plaintiff's waiver claim against Defendant Aetna would be subject to dismissal. Therefore, I conclude that it would not be futile to amend the Complaint to assert such a claim against Defendant

Aetna.

III. Conclusion

As stated above, Plaintiff has failed to provide "good cause" under Fed. R. Civ. P. 16(b) for her delay in attempting to modify the Scheduling Order and amend her Complaint well beyond the deadlines set therein. Moreover, based on the undue delay and the prejudice to Defendants, Plaintiff is not entitled to relief under Fed. R. Civ. P. 15(a). Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Amended Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: December 9, 2009

BY THE COURT:

__s/ Kristen L. Mix__________________
Kristen L. Mix
United States Magistrate Judge