IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-02682-JLK**

**SUZANNE PHILIPPUS, individually, and as Personal Representative of the Estate of TERRY PHILIPPUS, deceased**,

        Plaintiff,

v.

**AETNA HEALTH, INC., a Connecticut insurance company, and TIME WARNER TELECOM, INC., a Colorado corporation,**

        Defendants.

## ORDER

Kane, J.

This matter is before the Court on the June 10, 2010 Recommendation of United States Magistrate Judge (Doc. 116) that judgment enter in favor of Defendants on Plaintiff's ERISA and non or "extra"-ERISA based equitable claims against them. In accordance with the rules governing review of magistrate recommendations, Plaintiff filed a timely Objection (Doc. 119). Under Fed. R. Civ. P. Rule 72(b), my review of the Magistrate's June 10, 2010 Recommendation is *de novo*, and I may accept, reject, or modify the Recommendation under that standard. I have reviewed the underlying Motions and the briefing related thereto (Docs. 93- 95, Docs. 104-106, and Docs. 112-114), and have thoroughly considered the Magistrate Judge's Recommendation on those Motions in the

1

light of Plaintiff's Objections.[1]  Discerning no error in the Magistrate's careful analysis and being in agreement with her findings and conclusions, I ADOPT the Recommendation as an Order of the Court, and issue these specific rulings:

    1.  Plaintiff is bound by the terms of her employer's health benefits plan and the plan permitted Aetna to deny Plaintiff's claim notwithstanding the fact that Aetna's original erroneous understanding of the facts inured to Plaintiff's benefit.  The facts submitted by Plaintiff permit no reasonable inference that Aetna acted with intent or purpose in its original misapprehension as would preclude it from exercising its right under the plan to correct its error.

    2.  No genuine question of material fact regarding Aetna or TW's conduct exists as would permit Plaintiff's promissory and equitable estoppel claims to proceed to trial.  The Magistrate Judge's analysis of the disjunct between Plaintiff's deposition testimony and her later affidavit is correct and the affidavit should not be used to create an issue of fact under the facts and circumstances presented.  The Tenth Circuit interprets equitable exceptions to the general rule of ERISA-preemption narrowly and I agree with the Magistrate Judge that Plaintiff's facts simply do not rise to the level warranting a trial.  Because trial would be to the Court as fact finder, this determination alone militates against any contrary finding.

    Based on the foregoing, Aetna's Motion for Judgment on the Administrative

---

[1] While TW sought and was granted an extension of time to file its Response to Plaintiff's Objections until today, August 5, 2010, I deem the Response unnecessary and issue my ruling without reference to it.

Record (Doc. 93) and Motion for Summary Judgment (Doc. 94) are GRANTED. TW's Motion for Summary Judgment (Doc. 95) is also GRANTED. Judgment shall enter in favor of Defendants and against Plaintiff, with the parties to bear their own fees and costs.

Dated: August 5, 2010.

BY THE COURT:
*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE